[No. 5782.]

## HIGGINS v. THE STATE BOARD OF MEDICAL EXAMINERS.

1. **Practice of Medicine—Who May Be Licensed—The Act** of March 14th, 1881 (Laws 1881, page 185) does not authorize or require the granting of a license to one who for ten years has pursued the practice of his profession in violation of that statute. The concluding clause of the fourth section extends only to those who have pursued the practice of the profession within the state for ten years prior to the enactment of the statute. —(479)

2. **Statutes Construed—A** statute provided that every person assuming to practice medicine or surgery should receive a license from the State Board of Medical Examiners and prescribed the conditions upon which such license should be granted. The concluding clause of the section declared that "All persons who have made the practice of medicine and surgery their profession, continuously, for a period of ten years within this state, and can furnish satisfactory evidence thereof to the State Board of Medical Examiners, shall receive from said board a license to continue practice in the state." It was held that one who without detection had practiced his profession for ten years subsequent to the passage of the act, was not thereby entitled to receive a license; that the clause of the statute quoted had application only to those who had pursued the profession previous to the enactment of the statute. A violation of the law confers no right.—(479)

*Error to Denver District Court*—Hon. PETER L. PALMER, Judge.

Mr. JOHN F. MAIL, and Mr. W. T. ROGERS, for plaintiff in error.

Mr. N. C. MILLER, Mr. IRVING B. MELVILLE, and Mr. H. E. KELLEY, for defendant in error.

*Per Curiam*, Department No. 3.

The plaintiff in error, an unlicensed practitioner not a graduate in medicine, having applied to the state board of medical examiners for a license to practice medicine and surgery without examination, and the board having denied his application, brought this action in the district court of the city and county

of Denver to compel the board, by mandamus, to issue the license. The alternative writ was issued, but upon final hearing the court granted judgment of nonsuit. To review the action of the court in thus disposing of the case, the cause was brought here by writ of error.

The plaintiff in error did not offer to submit to the examination required of applicants, nor did he produce a diploma of a legally chartered medical college in good standing, but he claimed that as he had made the practice of medicine and surgery his profession continuously for a period of more than ten years prior to February 2, 1905, the date of his application, he was entitled to a license, under the statute. His claim is based upon the statute of 1881, Laws of 1881, page 185. Sec. 4 of the act is as follows:

"Sec. 4. That every person practising medicine in any of its departments, shall possess the qualifications required by this act. If a graduate in medicine, he shall present his diploma to the state board of medical examiners for verification, or furnish other evidence conclusive of his being a graduate of a legally chartered medical school in good standing; the state board of medical examiners shall issue its certificate to that effect, signed by a majority of the members thereof, and such diploma or evidence and certificate shall be conclusive as to the right of the lawful holder of the same to practise medicine in this state. If not a graduate of a legally chartered medical institution in good standing, the person practising, or wishing to practise medicine in this state, shall present himself before said board of medical examiners and submit himself to such examination as defined in section seven of this act, and if the examination be satisfactory to the examiners, the said board of medical examiners shall issue its certificate in accordance with

the facts, and the lawful holder of such certificate shall be entitled to all the rights and privileges herein mentioned. All persons who have made the practise of medicine and surgery their profession or business continuously, for the period of ten (10) years, within this state, and can furnish satisfactory evidence thereof to the state board of medical examiners, shall receive from said board a license to continue practise in the State of Colorado.''

The plaintiff in error relies upon the concluding sentence of sec. 4 to sustain him. He insists that the practicing of medicine and surgery for any continuous period of ten years, whether before or after the passage of the statute mentioned, although in defiance of law, entitles him to a license, while it is the contention of the board, that no person is entitled to a license from the board unless—

1. He proves that he is a graduate of a legally chartered medical school of good standing.

2. He passes a satisfactory examination.

3. He proves that he has made the practice of medicine and surgery his profession or business continuously for the period of ten years prior to the passage of the act.

Sec. 12 of the act provides that the person who practices medicine in the state without a license from the board of medical examiners shall, upon conviction, be punished by fine or imprisonment, or both; and to adopt the plaintiff in error's construction would be to reward, not punish, those who elude prosecution for the period of ten years. The law should not be so construed, and we hold that the contention of the board is correct, and that those only who have practiced for ten years prior to the passage of the law of 1881 are exempted from the provisions of the statute requiring examination and proof of graduation.

In the case of the *State v. Wilson,* reported in vol. 61 of the Kansas Reports, at page 791, that court said:

"Can it be that the Legislature intended that a person might qualify himself for the practice by that which the Act prohibited? Is the direct and persistent violation of the law to be deemed the equivalent of character, education, experience and skill which the statute requires for the protection of life and health?"

These identical questions are presented to us and we do not hesitate to answer them in the negative. The judgment is affirmed.          *Affirmed.*